# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. MOORE, | ) |
| Plaintiff, | ) Case No. 19-cv-761 |
| v. | ) Judge Robert M. Dow, Jr. |
| NATIONAL YMCA, INC., *et al.*, | ) |
| Defendants. | ) |

## ORDER

Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim [16]. For the reasons explained below, the motion is granted in part and denied in part. Defendant McFadden is dismissed from the case; however, the suit may proceed against the YMCA of Metropolitan Chicago. The Court sets the case for further status on September 10, 2019, at 9:00 a.m. to discuss (1) whether Plaintiff would like to file an amended complaint, (2) whether Defendant would like to file a renewed motion to dismiss, (3) if the case should proceed into discovery, and (4) the identity of the proper entity defendant.[1] Plaintiff's motion for summary judgment [23] remains continued.

## STATEMENT

### I. Background[2]

In October 2018, Plaintiff entered a lease for a room at the Lakeview YMCA. [1, ¶ 1] As part of that lease, Plaintiff "automatically" received a "membership" in the Lakeview YMCA Fitness Center which included the use of all accompanying facilities. [*Id.*] Plaintiff was issued a picture ID consistent with that membership. [*Id.*] Shortly thereafter, while working out one day, the Lakeview YMCA Fitness Director—referred to only as "Carl" in the complaint—approached Plaintiff and informed him that he could not "participate in the heavy-lifting weight room because

---

[1] Defendants represent that the proper Defendant at issue is not the "National YMCA, Inc., Lakeview YMCA Fitness Center," but rather the "YMCA of Metropolitan Chicago." See, e.g., [21] at 1.

[2] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

you are blind."[3] [*Id.* ¶ 2.] Plaintiff protested and asserted that he had the right to continue to use the weight room. [*Id.*]

Approximately a week after that encounter, Plaintiff met with Carl again. [*Id.* ¶ 3.] At that meeting, Carl explained that Plaintiff could only use the weight room if he "brought someone with him whenever he wished to do so." [*Id.*] Plaintiff refused this arrangement, noting that it would be impossible for him to depend on others under the circumstances. [*Id.*] He also noted that no other gym members were required to have someone with them. [*Id.*] Upon Plaintiff's refusal of the proposed arrangement, Carl informed Plaintiff that his membership at the Lakeview YMCA Fitness Center would be terminated. [*Id.* ¶ 4.] Plaintiff then proposed to sign a waiver of liability, which Carl rejected. [*Id.* ¶ 4.]

Plaintiff subsequently filed this action on February 6, 2019, asserting that Defendants—National YMCA Inc., Lakeview YMCA Fitness Center (together "the YMCA Defendants"), and Jeremy McFadden, Director [of the Lakeview YMCA]—violated Title VII of the Civil Rights Act of 1964 and Title VIII of the Civil Rights Act of 1968. He seeks the reinstatement of his gym membership and a "substantial fine." See generally [1]. Defendants have subsequently moved to dismiss, asserting that Plaintiff's complaint fails to adequately plead grounds for jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and fails to adequately plead facts to state a claim under Rule 12(b)(6). See generally [16].

## II. Legal Standard

A Rule 12(b)(1) motion seeks the dismissal of an action for lack of subject matter jurisdiction. If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. See *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d. 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d. 942 (7th Cir. 2003) (*en banc*), overruled on other grounds by *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d. 845 (7th Cir. 2012). In ruling on the motion, the Court may look beyond the jurisdictional allegations alleged in the complaint and take into consideration whatever evidence has been submitted on the issue to determine if subject matter jurisdiction exists. *Evers v. Astrue*, 536 F.3d. 651, 656–57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chicago*, 502 F.3d. 616, 625 (7th Cir. 2007). The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d. 907, 913 (7th Cir. 2009).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 46 (1957)) (alternation in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs. Inc.* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers

---
[3] Plaintiff does not dispute that he is blind or suffers from severe vision issues, rather he asserts that he can use the weight room consistent with these sensory issues.

2

'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d. 614, 618 (7th Cir. 2007). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d. 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). Finally, courts construe *pro se* complaints liberally. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### III. Analysis

Defendants propose two grounds for dismissal: first, that this Court lacks subject matter jurisdiction over Plaintiff's claims; second, that even if the Court does have jurisdiction, the complaint fails to state a claim. The Court turns first to the threshold issue of its subject matter jurisdiction. *Cook v. Winfrey*, 141 F.3d 322, 324 (7th Cir. 1998).

#### A. Jurisdiction

Defendants contend that this action must be dismissed because Plaintiff fails to allege any federal question to be resolved or diversity amongst the parties. Plaintiff's response concedes that there is no diversity but maintains that there is a federal question. Specifically, Plaintiff argues that Defendants violated federal anti-discrimination statutes.

Federal question jurisdiction exists whenever a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a case arises under federal law, courts in this district generally rely on the "well-pleaded complaint" rule. See, e.g., *Brown v. Am. Family Ins. Grp., Inc.*, 2007 WL 1119210, at *2 (N.D. Ill. Apr. 11, 2007). The rule provides "that a case 'arises under' federal law within the meaning of § 1331 * * * if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citing *Franchise Tax Bd. V. Constr. Laborers Vaction* Trust, 463 U.S.1, 27–28 (1983))). The fact that a plaintiff fails to allege specific elements of a federal claim, even those described as "jurisdictional" does not deprive the Court of subject matter jurisdiction. See, e.g., *Johnson v. Apna Ghar. Inc.*, 330 F.3d 999, 1000 (7th Cir. 2003). For example, in *Johnson*, the Seventh Circuit explained that the district court erred in dismissing the plaintiff's Title VII claim under Rule 12(b)(1) because the mere fact that she had asserted a claim under Title VII provided the court with subject-matter jurisdiction. *Id.* The fact that she had purportedly failed to allege sufficient facts to establish the threshold, or "jurisdictional," elements of a Title VII claim—*i.e.*, that the named Defendant was her employer—did not convert what would otherwise be a decision on the merits under Rule 12(b)(6) to a dismissal for lack of jurisdiction under Rule 12(b)(1). *Id.*

3

Here, the heading of Plaintiff's complaint asserts that he seeks relief under Title VII of the Civil Rights Act of 1964 and Title VIII of the Civil Rights Act of 1968. [See 1, at 1.][4] Thus, regardless of whether he has adequately stated facts sufficient to state a claim under either of those laws, his complaint on its face sufficiently demonstrates the prerequisites necessary for this Court to exercise jurisdiction over his claims. To conclude otherwise, would raise form over substance in contravention of the Federal Rules of Civil Procedure. See generally *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015) (citing *Johnson v. City of Shelby, Miss.*, — U.S. —, 135 S.Ct. 346 (2014) ("Under the modern regime of the Federal Rules, the complaint need contain only factual allegations that give the defendant fair notice of the claim for relief and show the claim has 'substantive plausibility.'"). Having concluded that the Court has subject matter jurisdiction over Plaintiff's complaint, the Court turns to its substance.

**B. Discrimination Claim**

Before the Court turns to whether Plaintiff has adequately pleaded facts that state a claim, it must determine what, if any, claims Plaintiff has actually asserted. As the Supreme Court in *Johnson v. City of Shelby, Miss.*, explained,

> Petitioners stated simply, concisely, and directly events that, the alleged, entitled them to damages from the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim.

135 S.Ct. at 347. Furthermore, the Seventh Circuit has specifically held that the Federal Rules of Civil Procedure do not require a complaint to specify a legal theory or statute that supports a plaintiff's claim for relief. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992); see also *N.A.A.C.P. v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) ("A complaint should limn the grievance and demand for relief. It need not identify the law on which the claim rests, and different legal theories therefore do not multiply the number of claims for relief.").

Here, as noted above, Plaintiff's complaint asserted claims under Title VII and Title VIII. See generally [1]. However, as Plaintiff appears to concede in his response brief, [19, at ¶ 4], his claim actually appears to fall within the ambit of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("the ADA"). See [1 at ¶¶ 3–4 (explaining that Plaintiff could not accept Defendants' requirements for him to continue using the gym and that Defendants rejected his alternative)]; [19, at ¶ 4 ("the YMCA failed to make a requested reasonable accommodation for the plaintiff's needs")]. Specifically, it appears that Plaintiff seeks to assert a discrimination claim under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); see also *id.* § 12182(b)(2)(A)(ii) ("a failure to make reasonable modifications in policies, practices, or

---

[4] As explained in greater detail below, Plaintiff actually appears to assert a claim under the Americans with Disabilities Act of 1990, and not Title VII or Title VIII.

4

procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations").[5]

As noted earlier, Defendants simply assert that Plaintiff's complaint is factually insufficient to state a claim, they did not analyze whether Plaintiff stated a claim under the ADA, or any other statute. See generally [16]. However, the Supreme Court has instructed district courts to liberally construe pro se complaints, and as just noted, it appears that Plaintiff has stated facts that plausibly make out a failure to accommodate claim under the ADA. It is not the Court's responsibility to ensure that Plaintiff has alleged every element of his claim; Defendant will have an opportunity to test that at various stages of the litigation. See generally Fed. R. Civ. P. 12(b)(6). Because Plaintiff has asserted facts that could plausibly constitute a violation of Title III of the ADA and Defendants have not shown Plaintiff's complaint fails to state a claim under Title III of the ADA as a matter of law, the Court denies Defendants' motion to dismiss the claim pursuant to Rule 12(b)(6) as to the YMCA Defendants. That said, the Court will entertain a renewed motion to dismiss in light of this decision.

### C. Jeremy McFadden

However, with regard to McFadden, Defendants are correct that Plaintiff's complaint lacks any facts to show that he is entitled to relief. First, "merely naming a defendant in the caption is insufficient to state a claim." *Williams v. Cty. of Cook*, 2010 WL 3324718, at *9 (N.D. Ill. Aug. 19, 2010); see also *Anderson v. City of Chicago,* 90 F.Supp.2d 926, 929 (N.D.Ill.1999); *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption"); *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints"). Thus, to state a claim against McFadden, Plaintiff needed to allege that he was somehow involved in the purported discrimination. Plaintiff's complaint lacks any reference to McFadden whatsoever and although Plaintiff asserts that McFadden spoke to him about his membership status in the response to the motion to dismiss, "it is 'axiomatic' that a plaintiff may not amend his complaint through a response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Company*, 631 F.3d 436, 448 (7th Cir. 2011). Accordingly, Plaintiff's claim against McFadden is dismissed without prejudice. Plaintiff may request leave to amend his complaint to add any allegations that he believes support a claim against McFadden.

---

[5] Additionally, despite Defendants' assertion that federal law does not provide for the remedies Plaintiff seeks—namely the imposition of a fine and the restoration of his gym privileges—Title III of the ADA at least provides for the provision of injunctive relief that could restore his gym privileges. See 42 U.S.C. § 12188(a)(1); *Scherr v. Marriott Int'l, Inc.,* 703 F.3d 1069, 1075–76 (7th Cir. 2013) ("[T]he statute itself makes clear that injunctive relief under Title III of the ADA (and only injunctive relief—damages are not available under Title III) is available to 'any person who is being subjected to discrimination on the basis of disability' or who has 'reasonable grounds for believing that such person is about to be subjected to discrimination.'") (quoting 42 U.S.C. § 12188(a)(1)).

## IV. Conclusion

For the reasons explained below, Defendants' motion [16] is granted in part and denied in part. Defendant McFadden is dismissed without prejudice; however, the suit may proceed against the YMCA of Metropolitan Chicago. The Court sets the case for further status on September 10, 2019, at 9:00 a.m. to discuss (1) whether Plaintiff would like to file an amended complaint, (2) whether Defendant would like to file a renewed motion to dismiss, (3) if the case should proceed into discovery, and (4) the identity of the proper entity defendant. Plaintiff's motion for summary judgment [23] remains continued.

Dated: August 28, 2019

_____
Robert M. Dow, Jr.
United States District Judge